**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN NATSIS and KONSTANTINOS NATSIS, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD TURNER, FRANK LAMOLINO, FRANK TATTOLI, SHAWN MASTERSON, VINCENT RIVELLI, AUGUSTO A. SAME, CONRAD HABLITZ, THOMAS WHITE, PATRICK CANNON, RENE ROA, IGGY MOLITO, JEFFREY FULCHER, JOHN JOHNSON, DONNA JANDIK, et al., <br><br> Defendants. | Civil Action No.: 2:13-CV-07269 (CCC) (MF) <br><br> **OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on two motions to dismiss. Defendants Kim Pamperin, Tracy Pamperin, Denise Hodkinson and Harry Hodkinson (collectively, the "Uphill Homeowners") move to dismiss plaintiffs Helen Natsis and Konstantinos Natsis's (collectively, the "Plaintiffs") Joint Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19). Defendant Mayo Lynch Engineering ("Mayo Lynch") also moves to dismiss the Plaintiffs' Complaint pursuant to Rule 12(b)(6). (ECF No. 20). The Court decides the motions without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[1] For the reasons that

---

[1] The Court considers any new arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

follow, the Uphill Homeowners' motion is **GRANTED**; and Mayo Lynch's motion is **GRANTED**.

I.      **FACTS ALLEGED IN THE COMPLAINT**

Plaintiffs filed a joint complaint *pro se* on December 3, 2013. (Complaint of Helen Natsis and Konstantinos Natsis, Dec. 3, 2013, ECF No. 1). The Complaint, brought pursuant to 42 U.S.C. §§ 1983 and 1985, alleges that the Uphill Homeowners and Mayo Lynch, among others, violated Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

According to the Complaint, Kim Pamperin, Tracy Pamperin and Denise Hodkinson are "uphill homeowner[s] who anticipated [sic] in the arrest of Konstantinos Natsis, [while] acting under the Color of State Law." (Compl. 7 ¶¶ 19-21). Harry Hodkinson is "an uphill homeowner and anticipated [sic] in the harassment [while] acting under the Color of State Law." (Compl. 7 ¶ 22). Finally, Mayo Lynch is "an Engineer Consulting Firm of the State of New Jersey . . . and were acting in there [sic] capacity as Engineers hired by the Township of Weehawken and were acting under the Color of State Law. (Compl. 8 ¶ 25).

In April of 2000, Plaintiffs purchased and moved to a property in Weehawken, New Jersey. (Compl. 9 ¶ 30). On the property, a sewer easement for the benefit of the Uphill Homeowners existed. (Compl. 9 ¶¶ 31-32). Within the first month of living on the property, "leakage problems" developed. (Compl. 9 ¶ 31). Later that month, Plaintiffs received permission from a Township of Weehawken (the "Township") building official to repair the damage caused by the sewer leak. (Compl. 10 ¶ 33).

Plaintiffs allege that one year later the Township accused their sewer remediation efforts of violating the Township's "Steep-Slope Ordinance." (Compl. 10-11 ¶¶ 34, 38). In response,

the Plaintiffs denied the violation and were allegedly subjected to false accusations, false arrests and harassment by Township officials. (Compl. 10 ¶ 35). Plaintiffs contend that the violation and conduct was a smokescreen for the Township's true intentions: "to take over[ and] steal away the property . . . ." (Compl. 12 ¶ 42).

The Complaint identifies several instances of conflict between the Plaintiffs and Township Officials. However, references to the movants are scant.

### A. Mayo Lynch

Plaintiffs allege that the Township contracted with Mayo Lynch to draft steep-slope remediation plans for Plaintiffs' property in 2011. (Compl. 24 ¶ 85). Thereafter, Plaintiffs contend that Mayo Lynch drafted intentionally "elaborate" plans that "cost over a half a million dollars using [Plaintiffs'] money, Taxpayer's money [sic]." (Compl. 24 ¶ 85; Compl. Exhibit B8 (Mayo Lynch Remediation Plans)). Thus, the Plaintiffs conclude, "[the Township] imposed fines without due process of law[,]" (Compl. 24 ¶ 85), and "[t]he elaborate plans . . . were made in order to take away from our property, and not be able to build on it." (Compl. 34 ¶ 110). The Plaintiffs also note that Mayo Lynch is familiar with the Plaintiffs' property because "[t]est pits were performed[,]" (Compl. 28 ¶ 93), and that the work Mayo Lynch performed on the property was done without a permit "since they claimed it was always an emergency." (Compl. 34 ¶ 110).

The Plaintiffs request that Mayo Lynch "provide accurate analysis as to where exactly on the steep slope of the Palisades Cliff, [the slope] is going to collapse and where it is being chipped away by Konstantinos Natsis." (Compl. 34 ¶ 110).

### B. Uphill Homeowners

Plaintiffs assert that on February 4, 2004, Kim Pamperin complained to Township police that Konstantinos Natsis broke an underground pipe on his property. (Compl. 26 ¶ 90). Mr.

3

Natsis was subsequently arrested. (Compl. 26 ¶ 90). Plaintiffs further allege that on April 5, 2012, Denise Hodkinson complained to Township police that Konstantinos Natsis removed a boulder from his property. (Compl. 26 ¶ 90). Mr. Natsis was subsequently arrested. (Compl. 26-27 ¶ 91). The Plaintiffs conclude that the complaints and arrests were "false," unconstitutional and resulted in damages "in body and mind[,] . . . business and reputation[,]" and in significant litigation expenses. (Compl. 26-27 ¶ 90-91).

In addition, Plaintiffs allege that in May of 2012, Plaintiffs applied for a permit to repair driveway damage caused by non-movant defendant J. Fletcher Creamer & Son, Inc. ("J. Fletcher"). (Compl. 28 ¶ 95). Plaintiffs' permit was approved, and then denied, by a Township construction official. (Compl. 28 ¶ 95). "[T]hirteen in a half years [sic]" after the year 2000, Denise Hodkinson and Harry Hodkinson hired the same J. Fletcher to "remove[ Plaintiffs'] retaining wall and [use] the [retaining wall] rocks . . . on [the Hodkinsons'] property." (Compl. 28 ¶ 94). The Plaintiffs do not make any explicit connection between the 2012 permit and the ~2013 removal of the retaining wall; however, the events' proximity within the Complaint (¶¶ 94 & 95) suggests a relationship. The Plaintiffs conclude that J. Fletcher, not the Hodkinsons, is liable for property damage, fines and an unconstitutional taking. (Compl. 28-29 ¶ 96).

The Plaintiffs also request that Harry Hodkinson and Denise Hodkinson "provide there [sic] Engineer report for the work performed on there [sic] property, since it is a slope area. . . [because f]alse accusations and arrest are made [sic] that Konstantinos Natsis is destroying the steep slope of the Palisades Cliff and removal of a boulder. . . . [and their] Constitutional Rights have been violated [sic]." (Compl. 34 ¶ 111). The Plaintiffs do not request anything from Kim Pamperin or Tracy Pamperin, but note that the Pamperins made "false arrest and accusations and has [sic] filed for false arrest complaints." (Compl. 34-35 ¶ 112-113).

## II. LEGAL STANDARD

### A. Defendant's Motion To Dismiss Pursuant to Rule 12(B)(6)

For a complaint to survive dismissal pursuant to Fed. R. Civ. P. 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. City of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Furthermore, "[a] pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

### B. Liberal Pleading Standard for *Pro Se* Litigants

A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21); Bacon v. Minner, 229 F. App'x 96, 100 (3d Cir. 2007).

## III. DISCUSSION

### A. The 1983 Claims

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to state a claim for relief under Section 1983, a plaintiff must allege (i) the violation of a right secured by the Constitution or laws of the United States; and, (ii) that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255–56 (3d Cir.1994).

#### 1. Mayo Lynch

Plaintiffs have failed to allege sufficient facts to establish a claim for relief against Mayo Lynch under Section 1983. Taking all factual allegations as true, Mayo Lynch was hired by the Township to draw up remediation plans for the Plaintiffs' property; dug test pits on the Plaintiffs' property without a permit pursuant to their contract with the Township; and, submitted remediation plans for the Plaintiffs' property to the Township.

The mere fact that a private actor is performing a public contract at the time of alleged wrongdoing does not sufficiently establish that the conduct was "state action." See Rendell–Baker v. Kohn, 457 U.S. 830, 841 (1982). It is only when "the conduct allegedly causing the deprivation of a federal right [is] . . . fairly attributable to the state" that a private actor may be subject to liability. Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982). A private

actor's conduct is "fairly attributable to the state" only when (1) it "has exercised powers that are traditionally the exclusive prerogative of the State," Mark v. Borough of Hatboro, 51 F.3d 1137, 1141–42 (3d Cir.), cert. denied, 516 U.S. 858, 116 S.Ct. 165 (1995); (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170–171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81–82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991).

Interpreting the Complaint in a liberal manner, Plaintiffs allege that Mayo Lynch designed "elaborate" and expensive plans in order to help the Township "take over [and] steal away the [Plaintiffs'] property . . . ." (Compl. 12 ¶ 42; Compl. 34 ¶ 110). Thus, the only possible theory on which there could be liability is that Mayo Lynch acted in concert with the Township or had a symbiotic relationship with the Township.

The Plaintiffs fail to provide a single fact in support of joint action or a symbiotic relationship. Even under a *pro se* standard, bare conclusions are insufficient to imply a conspiracy or joint action between the state and private actors for purposes of Section 1983 liability. See Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998) (a *pro se* complaint must be dismissed where it "contains conclusory allegations of concerted action but is devoid of facts actually reflecting joint action . . ."); see also Coulter v. Allegheny Cnty. Bar Ass'n, 496 F. App'x 167, 168-69 (3d Cir. 2012); Hurst v. City of Rehoboth Beach, CIV.A. 03-362-KAJ, 2005 WL 823867 (D. Del. Mar. 31, 2005) aff'd, 288 F. App'x 20 (3d Cir. 2008); Crane v. Cumberland Cnty., Pa., CIV.A. 1:CV-99-1798, 2000 WL 34567277 (M.D. Pa. June 16, 2000) aff'd sub nom. Crane v. Cumberland Cnty., Pa, 64 F. App'x 838 (3d Cir. 2003). Therefore, because Plaintiffs

have not sufficiently pled the state action element of their Section 1983 claim, Mayo Lynch's motion to dismiss is **GRANTED**.

### 2. Uphill Homeowners[2]

Plaintiffs have also failed to allege sufficient facts to establish a claim for relief against the Uphill Homeowners under Section 1983. Taking all factual allegations as true, Kim Pamperin complained to police regarding a broken pipe on the Natsis' property; Denise Hodkinson and Harry Hodkinson hired construction company J. Fletcher to remove Plaintiffs' retaining wall and deposit it on their own property; and, Denise Hodkinson complained to police regarding removal of a boulder on the Natsis' property. Even viewed in a light most favorable to the Plaintiffs, the Complaint is devoid of facts giving rise to a claim under Section 1983. As discussed, *supra*, where the defendants in a Section 1983 action are private actors, and the theory of state action is predicated upon a symbiotic relationship or joint action, bare conclusions without supporting facts are insufficient to state a claim for relief. Therefore, the Uphill Homeowners' motion to dismiss is **GRANTED**.

### B. The 1985 Claim

Plaintiffs have failed to allege sufficient facts to establish a claim for relief under Section 1985. In *Griffin v. Breckenridge*, 403 U.S. 88 (1971), "the Supreme Court clarified that the reach of section 1985(3) is limited to private conspiracies predicated on 'racial, or perhaps otherwise class based, invidiously discriminatory animus.'" Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997) (citing *Griffin*, 403 U.S. at 96). The Complaint does not identify any class to which the Plaintiffs belong or against which the movant-defendants have discriminated.

---

[2] The Court finds it unnecessary to address the merits of Kim Pamperin's Statute of Limitations defense in light of the dismissal of Plaintiffs' Complaint on substantive grounds.

Therefore, the Uphill Homeowners' motion to dismiss is **GRANTED** and Mayo Lynch's motion to dismiss is **GRANTED**.

IV. <u>**CONCLUSION**</u>

For the reasons set forth above,

**IT IS** on this 14 day of November, 2014,

**ORDERED** that Defendants Tracy Pamperin, Kim Pamperin, Harry Hodkinson and Denise Hodkinson's Motion to Dismiss is **GRANTED** without prejudice; and it is further,

**ORDERED** that Defendant Mayo Lynch's Motion to Dismiss is **GRANTED** without prejudice; and it is further,

**ORDERED** that Plaintiffs are hereby granted thirty (30) days from the date of entry of this Order in which to cure the deficiencies cited herein; and it is further,

**ORDERED** that if Plaintiffs fail to amend their Complaint within the time specified above, the Complaint will be subject to dismissal with prejudice,

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**