NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELEN NATSIS and KONSTANTINOS NATSIS, <br><br> Plaintiffs, <br><br> v. <br><br> RICHARD TURNER et al., <br><br> Defendants. | Civil Action No. 2:13-7269 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge.**

## I.   INTRODUCTION

This matter comes before the Court on the motion [ECF No. 92] of Defendants Richard Turner, Frank Lamolino, Frank Tattoli, Shawn Masterson, Vincent Rivelli, Augusto A. Same, Conrad Hablitz, Thomas White, Patrick Cannon, Rene Roa,[1] Iggy Mitolo, Jeffrey Fulcher, John Johnson, and Donna Jandik (collectively, the "Township Defendants") to dismiss the First Amended Complaint [ECF No. 64] of Plaintiffs Helen Natsis and Konstantinos Natsis (collectively, the Plaintiffs) as against them, pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court decides the motion without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure.[2] For the reasons set forth below, the Township Defendants' motion to dismiss is

---

[1] Defendant Sergeant Rene Roa was improperly named as "Sergeant Reve Roa" in the First Amended Complaint's caption.

[2] The Court considers any arguments not presented by the parties to be waived. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners, 927 F.2d 1283, 1298 (3d Cir. 1991) ("It is well established that failure to raise an issue in the district court constitutes a waiver of the argument.").

1

granted in part and denied in part: Counts I, II, III, IV, VII, and X of Plaintiffs' First Amended Complaint as against the Township Defendants are dismissed without prejudice.

## II.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY[3]

Plaintiffs' action arises out of a series of disputes between Plaintiffs, their neighbors, and the Township Defendants over attempts to repair a leaking sewage pipe that runs through Plaintiffs' land. In April 2000, Plaintiffs purchased a home on two lots in Weehawken, New Jersey (the "Property"). See Amended Complaint ("Am. Compl."), ECF No. 64, ¶ 35. Shortly after Plaintiffs moved onto the Property, they noticed sewage odors and discovered that a sewer easement runs through the Property, which their title search had failed to reveal. Id. ¶¶ 36-38, 44. Plaintiffs' predecessor-in-interest had granted a sewer easement in 1923 for the benefit of property owners who live uphill from Plaintiffs. Id. ¶ 44. The malfunctioning sewer pipe caused sewage and fecal matter to flow onto Plaintiffs' Property and back up into their basement and sometimes onto the public street. Id. ¶¶ 39, 43, 47.

After Plaintiffs' attempts to repair the malfunctioning sewer pipe failed, the Township of Weehawken (the "Township") retained a plumber to perform the repair work and submitted the plumber's bills to Plaintiffs. Id. ¶ 47. Plaintiffs refused to pay the bills, believing that the easement holders—their uphill neighbors—were the proper payers responsible for the maintenance of the sewer pipe. Id.

Plaintiffs allege that, during this period, employees of the Township retaliated against Plaintiffs for their refusal to pay the plumber's bills. For example, in April 2001, the Township's Building Department revoked its prior permission to Plaintiffs to clean the sewage, fecal matter,

---

[3]    The Court must assume as true all factual allegations of the complaint when considering a motion to dismiss. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

and other debris on the Property. Id. ¶ 51. In February 2002, Defendant Sergeant Cannon arrested Plaintiff Konstantinos Natsis for allegedly destroying the sewer pipe on the Property. Id. ¶ 52.

In May 2002, Plaintiffs sued the Township, their title insurance company, and their uphill neighbors in state court. Id. ¶ 53. They allege that after they commenced their action, Defendant Mayor Turner retaliated against them and conspired with other public officials to do the same. Id. ¶ 54. For example, in January 2004, Defendant Police Officer Conrad Hablitz arrested Plaintiff on the charge of an ordinance violation. Id. ¶ 55. The next month, in February 2004, Defendant Frank Tattoli, a construction official for the Township, served a notice on Plaintiffs that they had caused a public health nuisance due to the leaking sewer pipe. Id. ¶ 57. The Township then secured a court order allowing them to enter the Property to repair the sewer pipe. Id. ¶ 60.

Plaintiffs allege that Defendants Turner, Jandik, Tattoli, Lamolino, and Cannon conspired with each other and the engineering company retained by the Township. Namely, the engineering company reduced Plaintiffs' usable space on the property "by excavating the slope in such a manner as to cause further destabilization of the slope and falling rock/debris onto Plaintiffs' Property." Id. ¶¶ 61, 62. Plaintiffs also allege that Defendant Donna Jandik, Mayor Turner's former secretary and Plaintiffs' adjacent neighbor, instructed the engineering company to remove soil and sediment from her property and place it onto Plaintiffs' property. Id. ¶ 67. The engineering company charged the township $76,000 for the work performed, and the Township wanted Plaintiffs to pay for these costs. Id. ¶ 64.

In June 2007, Defendant Police Officer Augusto A. Same responded to a house call from Plaintiffs' residence and reported a flow of sewage from the hillside. Id. ¶ 83. That September, the Township installed a sump pump station on Plaintiffs' land without their consent, which Plaintiffs allege malfunctioned and caused raw sewage and fecal matter to flow onto the Property.

Id. ¶ 85, 86. In March 2008, rocks and trees falling from Plaintiffs' neighbors' properties caused Plaintiffs' retaining wall to collapse. Plaintiffs complained to the Building Department and Police Department about this condition. Plaintiffs allege that a few months later, Defendants Police Chief Fulcher and Sergeant Cannon "falsely reported that Plaintiffs agreed to the removal of two vehicles from their driveway", which occurred on September 12, 2008 and resulted in the loss of "numerous valuable belongings" which Plaintiffs had stored in the two vehicles. Id. ¶¶ 93-97.

In October 2008, the Township made an emergent application in state court, alleging that Plaintiffs had violated the New Jersey Environmental Rights Acts and New Jersey Uniform Construction Code and requested access to Plaintiffs' Property to assess the situation. After the application was granted, Defendant Tattoli entered Plaintiffs' Property and issued two construction violations against Plaintiffs with monetary penalties that accrued daily. Plaintiffs allege that the Township, through Defendant Tattoli and others, then blocked Plaintiffs' applications for permits to rectify these violations, "under the guise of the 'Steep Slope Ordinance'" which prohibits construction activity that may compromise a slope's integrity. Id. ¶ 103.

On March 23, 2012, Defendant Shawn Masterson of the Township's Building Department "filed a report claiming the Plaintiffs were violating the Steep Slope Ordinance" though Plaintiffs maintain that they were merely trying to clear debris from their yard. Id. ¶ 117. On April 4, 2012, while Plaintiff Konstantinos Natsis was clearing debris, a neighbor complained to the police that he had removed a bolder from her property, creating an avalanche-like condition down the slope. Id. ¶¶ 117-19. Defendant Tattoli testified before a judge in order to secure a warrant for Plaintiff's arrest, and Plaintiff was arrested on April 5, 2012. Id. ¶ 120-23. Plaintiff was ultimately cleared of the charges.

In May 2012, Plaintiffs applied for and secured a permit from the Hudson-Essex-Passaic Soil Conservation District ("HEPSCD") to clean their driveway and parking lot area of debris. Id. ¶ 124-126. Plaintiffs later learned that Defendant Turner telephoned HEPSCD, and the permit was revoked. Id. ¶ 127. In January 2013, HEPSCD began to fine Plaintiffs $3,000 a day for soil erosion. Id. ¶ 131.

Plaintiffs filed a complaint on December 3, 2013 [ECF No. 1], and, after several defendants successfully moved to dismiss,[4] Plaintiffs filed an Amended Complaint on December 12, 2014 [ECF No. 64]. The Amended Complaint as pertinent to the Township Defendants here alleges:

- Count I as against the Township Defendants, retaliation for lack of political affiliation, in violation of the New Jersey Civil Rights Act guaranteeing right to free assembly and right to petition for redress of grievances ("NJCRA");

- Count II as against the Township Defendants, retaliation for lack of political affiliation, in violation of 42 U.S.C. § 1983;

- Count III against the Township Defendants, retaliation for exercising free speech rights, in violation of the NJCRA;

- Count IV against the Township Defendants, retaliation for exercising free speech rights, in violation of 42 U.S.C. § 1983;

- Count V against Defendant Tattoli, false arrest, in violation of 42 U.S.C. § 1983;

- Count VI against Defendant Tattoli, malicious prosecution in violation of 42 U.S.C. § 1983;

- Count VII against Defendant Tattoli, abuse of process in violation of 42 U.S.C. § 1983;

---

[4] By Opinion and Order dated November 14, 2014 [ECF No. 61], this Court dismissed Defendants Kim Pamperin, Tracy Pamperin, Denise Hodkinson, Harry Hodkinson, and Mayo Lynch Engineering.

- Count X against the Township Defendants, civil conspiracy in violation of 42 U.S.C. § 1985.[5]

## III. LEGAL STANDARDS

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

---

[5] Plaintiffs have acknowledged that their Amended Complaint mistakenly lists two counts as "Count Ten." The latter count, which the Court will refer to as "Count XI", is against the Township of Weehaken for taking of property without just compensation. Because the Township of Weehaken has not moved to dismiss, the Court does not address Count XI in this Opinion. Also not addressed is Plaintiffs' Count VIII, against the Township of Weehaken and Township Police Department for violation of Plaintiffs' equal protection rights, and Count IX, which is for municipal liability against the Township of Weehaken.

6

## IV. DISCUSSION

Defendants move to dismiss on the basis that Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted. See Defendants' Br., ECF No. 92-1, at 6-11. They also argue that Plaintiffs' claims are barred by the doctrines of res judicata and qualified immunity, by the applicable statute of limitations, and because of Plaintiffs' failure to comply with prerequisites set forth by the New Jersey Tort Claims Act ("NJTCA"). Id., at 11-14, 14-18, 18-20, 20-21. Plaintiffs respond that: their Amended Complaint contains sufficient plausible factual allegations in support of their § 1983 claims; the doctrine of res judicata does not apply to this litigation involving different parties and claims; the Township Defendants waived their right to statute of limitations defenses through a previous stipulation and cannot sustain their burden of establishing entitlement to a qualified immunity defense; and, the NJTCA has no applicability to Plaintiffs' constitutional claims.

### A. Plaintiffs' Claim Of Conspiracy In Violation Of § 1985 Must Be Dismissed

As a preliminary matter, Plaintiffs' § 1985(3) claim (Count X) against the Township Defendants must fail. This Court previously noted that § 1985(3) does not apply to politically motivated conspiracies, in its Opinion and Order dated November 14, 2014 [ECF No. 61, at 8-9].

To survive dismissal of a § 1985(3) claim, a plaintiff must allege: (1) a conspiracy; (2) motivated by <u>racial or class based discriminatory animus</u> designed to deprive, directly or indirectly, any person or class of person to the equal protection of the laws, (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 2011) (emphasis added) (citing United Bhd. of Carpenters and Joiners of America, Local 610 v. Scott, 463 U.S. 825, 828–29 (1983)). This section was originally part of Section 2 of the Ku Klux Klan Act of 1871, which

gave the federal government a tool against the "anarchic and violent civil resistance to Reconstruction that marred the post-Civil War South." Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006). The Supreme Court expanded § 1985(3) to reach private as well as public conspiracies, in the 1971 case Griffin v. Breckenridge, 403 U.S. 88 (1971), which allowed African-American plaintiffs "to use § 1985(3) to sue their racially motivated white attackers for violating their constitutional right to travel." Farber, 440 F.3d at 135.

In Farber v. City of Paterson, the Third Circuit analyzed whether people who share a political affiliation constitute a cognizable class under § 1985(3), when the alleged conspiracy lacks any racial animus. There, a former city employee alleged she was terminated on the basis of her political affiliation. The Third Circuit concluded that "§ 1985(3) does not provide a cause of action for individuals allegedly injured by conspiracies motivated by discriminatory animus directed toward their political affiliation." Id. at 143. The Third Circuit appeared particularly concerned that extending § 1985(3)'s reach to politically motivated conspiracies would place district courts in the precarious position of policing political life. Id., 142-43; see also Adams v. Teamsters Local 115, 214 Fed. App'x 167, 168 n. 7 (3d Cir. 2007) (noting that, demonstrators' § 1985 claim for conspiracy in retaliation for demonstrators' exercise of their First Amendment right to free speech was foreclosed by decision in Farber v. City of Paterson). Accordingly, as Plaintiffs' § 1985(3) claim is based on their political affiliation—and not on any racial or otherwise class-based animus—Plaintiffs' Count X must be dismissed.

**B.     Statute of Limitations Mandates Dismissal Of Certain Defendants**

Next, Plaintiffs' Amended Complaint as against Defendants Same, Hablitz, Fulcher, Cannon, Lamolino, and Jandik will be dismissed without prejudice on statute of limitations grounds. "The statute of limitations for any § 1983 claim is the forum state's limitations statute

8

for personal injury actions." Levine v. New Jersey State Dep't of Cmty. Affairs, 231 Fed. App'x 125, 127 (3d Cir. 2007). Because New Jersey has a two-year statute of limitations for personal injury actions, the Third Circuit has adopted this two-year period for § 1983 actions. Id. Similarly, a two-year statute of limitations applies to Plaintiffs' NJCRA claims. See Hawkins v. Feder, No. A-4444-12T4, 2014 WL 6977836, at *1 (N.J. Super. Ct. App. Div. Dec. 11, 2014). Since Plaintiffs filed their original complaint on December 3, 2013 [ECF No. 1], the latest date on which the facts giving rise to their § 1983 and NJCRA claims could have occurred—absent some tolling exception—would be December 3, 2011.

Plaintiffs' claims against Defendants Same, Hablitz, Fulcher, Cannon, Lamolino, and Jandik arise out of facts that occurred several years before December 3, 2011. The latest allegations concerning Defendant Same occurred in June 2007. Am. Compl. ¶ 83. The latest allegations concerning Defendant Hablitz occurred in January 2004. Id. ¶ 55. The latest allegations concerning Defendants Fulcher and Canon occurred in September 2008. Id. ¶¶ 93-97. The latest allegations concerning Defendants Lamolino and Jandik occurred sometime in 2004. Id. ¶ 67. Accordingly, the § 1983 and NJCRA claims against these defendants must be dismissed.[6]

## C. Failure To State A Claim Upon Which Relief May Be Granted

Having dismissed the § 1985 claim against the Township Defendants and the § 1983 claim against certain other defendants based on statute of limitations, the Court will now turn to

---

[6] To the extent that Plaintiffs argue that Defendants Hablitz and Cannon previously waived their statute of limitations defenses in a stipulation that dismissed them without prejudice from the 2004 litigation [ECF No. 102-1], Plaintiffs have failed to demonstrate that the claims involved in that litigation were analogous to the ones brought in this action. Without seeing the original complaint from the 2004 litigation, this Court cannot find that Defendants Hablitz and Cannon waived their statute of limitations defenses to the § 1983 claims against them here.

analyzing whether Plaintiffs' remaining claims state a claim for relief that is plausible on the face of the pleading.

### 1. Dismissal Of Defendants Rivelli, White, Roa, Mittolo, Johnson

Defendants Rivelli, White, Roa, Mittolo, and Johnson are described in the Amended Complaint as parties, but there are no factual allegations made with respect to them. As stated above, for a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, at 678. Accordingly, Plaintiffs' Amended Complaint as against Defendants Rivelli, White, Roa, Mittolo, and Johnson will be dismissed without prejudice.

### 2. Claims Against Defendants Turner, Tattoli, and Masterson

The remaining Township Defendants include Defendants Turner, Tattoli, and Masterson. The Township Defendants argue that Plaintiffs are barred from bringing suit on the basis of their qualified immunity, res judicata, and failure to comply with a notice statute. These arguments are not persuasive. But, the Court dismisses the § 1983 and NJCRA claims (Counts I, II, III, and IV) without prejudice on the basis that Plaintiffs have failed to state a claim.

#### a. Immunity From Suit Defense

The Township Defendants raise qualified governmental immunity. They state that they were "merely doing their jobs as officials and employees of the Township" and that "[e]very action . . . was done in accordance with applicable law." See Township Defendants' Br. at 16-17. Generally, state officials sued in their personal capacities are immune from suit unless their official actions violated "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A state official's right to "qualified immunity will be upheld on a 12(b)(6) motion only when the immunity is established

on the face of the complaint." Thomas v. Indep. Twp., 463 F.3d 285, 291 (3d Cir. 2006) (internal citation and quotation marks omitted). The plaintiff, however, has no "duty to plead facts relevant to a qualified immunity defense in order to state a claim." Thomas, 463 F.3d at 292. Moreover, the Third Circuit has cautioned that "it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases." Williams v. Papi, 30 F. Supp. 3d 306, 314 (M.D. Pa. 2014) (quoting Newland v. Reehorst, 328 F. App'x 788, 791 n.3 (3d Cir. 2009)); see also Debrew v. Auman, 354 Fed. App'x 639, 642 (3d Cir. 2009) (finding dismissal on qualified immunity grounds premature where complaint did not disclose whether defendants' actions violated a clearly established constitutional right).

Plaintiffs counter that these defendants are not entitled to qualified immunity, because they "acted with a specific intent to maliciously retaliate against Plaintiffs for exercising their free speech rights in petitioning the government for redress and vocalizing their opposition . . . ." Plaintiffs' Br. at 30. They argue that the Township Defendants "abused their positions of power and the law to selectively retaliate against them." Id. at 31. Indeed, the Amended Complaint alleges that after Plaintiffs complained about the inefficacy of the Township's officials in the local newspapers (P. 152), the Township Defendants retaliated against them by either arresting them, imposing penalties and fines on the condition of the Property, and by revoking Plaintiffs' permits which were necessary to carry out any remedial work. Plaintiffs allege that Defendant Masterson filed a false report in March 2012 claiming that Plaintiffs were violating the Steep Slope Ordinance. (P. 117). Defendant Tattoli's testimony before a judge in April 2012—after Plaintiff Konstantinos Natsis claimed he was merely clearing debris from his yard—allowed the Township Police to secure a warrant for Plaintiff's arrest, though Plaintiff was ultimately cleared of the

11

charges. Defendant Turner's alleged phone call to HEPSCD resulted in the revocation of Plaintiffs' permit and corresponding fines of $3,000 a day for soil erosion. Id. ¶¶ 127-131. Viewed in the light most favorable to Plaintiffs, the Amended Complaint does not establish on its face that the remaining Township Defendants—Turner, Tattoli, and Masterson—are entitled to qualified immunity.

### b. Res Judicata Defense

The Township Defendants also argue that the doctrine of res judicata applies here to bar Plaintiffs' current causes of action. Res judicata, or claim preclusion, is a doctrine that "precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. The doctrine applies when a defendant demonstrates that 'there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action.'" Boseski v. N. Arlington Municipality, 621 Fed. App'x 131, 134 (3d Cir. 2015) (quoting United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984)).

Here, there have been two adjudicated cases arising out of the sewer easement on Plaintiffs' property. The first was instituted by Plaintiffs in 2004, against the Township and their uphill neighbors. As a result of that litigation, which found in Plaintiffs' favor that they had not undermined the sewer easement or stability of the slope, the court ordered that slope stabilization take place. The second action was filed in 2008 by the Township, where the Township alleged that Plaintiffs had undermined the stabilization project. The state court judge found that the Plaintiffs should have obtained a permit before any clearing, removal, or construction work on the Property and that Plaintiffs' conduct impaired the environment and the public's interest in the environment. The Appellate Division affirmed the decision. While there are two previous

judgments related to this action, the underlying facts involving the retaliation claims against Defendants Turner, Tattoli, and Masterson occurred after the claims in those cases had been instituted. In other words, res judicata does not apply to Plaintiffs' current causes of action, because at the time of the final judgments, the claims against these defendants had not yet accrued. See also United States v. Great Am. Veal, Inc., 998 F. Supp. 416, 422 (D.N.J. 1998) (finding claims not barred by res judicata doctrine because claims did not accrue until after mandatory administrative proceedings).

### c. Failure To Comply With Notice Requirement

Additionally, the Township Defendants raise the defense that Plaintiffs did not comply with the New Jersey Tort Claims Act, which requires a plaintiff file a timely notice of claim before bringing an action in tort against a public entity or employee of New Jersey. However, it is axiomatic that this notice provision does not apply to federal claims, including § 1983 claims, or to state constitutional torts. See, e.g., Cnty. Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 174 (3d Cir. 2006); Tucker v. Ann Klein Forensic Ctr., 174 Fed. App'x 695, 698 (3d Cir. 2006); Owens v. Feigin, 194 N.J. 607, 614, 947 A.2d 653, 656-57 (N.J. 2008) (holding notice requirement of Tort Claims Act does not apply to NJCRA). Accordingly, this bar is inapplicable.

### d. Well Pleaded Complaint Rule

Having addressed the Township Defendants' defenses of qualified immunity, res judicata, and failure to comply with notice provisions, the Court now turns to the substance of the claims against these remaining defendants.

#### i. Plaintiffs' Claims For Retaliation For First Amendment Exercise

In Counts I, II, III and IV of their Amended Complaint, Plaintiffs attempt to plead retaliation for having exercised their First Amendment rights, under the United States and New

Jersey Constitutions. "In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Indep. Twp., 463 F.3d 285, 296 (3d Cir. 2006); see also Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 284 (3d Cir. 2004) (holding land owner's speech about zoning dispute, even though it concerned private grievances, was entitled to First Amendment protection).

First, with regard to Plaintiffs' claims of retaliation for lack of political affiliation (Counts I and II), Plaintiffs allege that the Township Defendants violated their "right to be free from retaliation for refusing to offer political support." Am. Compl. ¶ 143. They allege that they "openly opposed Mayor Turner politically, as well as his political supporters in the Township of Weehawken." Am. Compl. ¶¶ 136, 145. The First Amendment to the United States Constitution provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I. Here, Plaintiffs have not alleged what First-Amendment-protected rights were exercised and were violated in retaliation for their lack of political affiliation. Accordingly, the Court cannot construe Counts I and II of their Amended Complaint and dismisses these claims without prejudice.

### ii. Plaintiffs' Claims For Retaliation For First Amendment Exercise – Namely, Free Speech

Second, Plaintiffs' Counts III and IV for retaliation for exercising their free speech rights will also be dismissed. Retaliation for protected speech offends the Constitution because "it threatens to inhibit exercise of the protected right." Crawford–El v. Britton, 523 U.S. 574, 589 n.

10 (1998). Accordingly, "the key question in determining whether a cognizable First Amendment claim has been stated is whether 'the alleged retaliatory conduct was sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006) (quoting Suppan v. Dadonna, 203 F.3d 228, 235 (3d Cir. 2000)).

Here, Plaintiffs allege that they were retaliated against because of their "numerous comments regarding the inefficacy of the public officials in the Township of Weehawken made in newspaper publications during the time of retaliation." Am. Compl. ¶ 152. Plaintiffs' allegations, however, do not contain facts that state a claim to relief that is plausible on its face. Significantly, Plaintiffs have not alleged what specific comments they made in newspaper publications, whether they made comments about these specific defendants, when those comments were printed, or by which publication. In Herman v. Carbon Cty., 248 Fed. App'x 442 (3d Cir. 2007), the Third Circuit analyzed an amended complaint alleging retaliation for free speech in order to see whether it comported with fair notice pleading standards. In that amended complaint, the plaintiff contended that she was retaliated against by county commissioners because "she openly and publicly supported the Jury Commissioners' statements to the media." Herman, 248 Fed. App'x at 444. The Third Circuit found that the plaintiff's amended complaint failed to "state the operative facts underlying the claim" because she failed "to allege when these open and public expressions took place or the content of these expressions." Id., at 444. For similar reasons, Plaintiffs' Counts III and IV will be dismissed without prejudice.

### 3. Claims Against Defendant Tattoli

The only remaining claims are those against Defendant Tattoli for false arrest, malicious prosecution, and abuse of process in violation of 42 U.S.C. § 1983 (Counts V, VI, and VII respectively). To survive dismissal of a § 1983 claim, a plaintiff must allege "two essential

15

elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir. 2011). Plaintiffs have satisfied the first element by demonstrating that Defendant Tattoli was acting under color of state law because he "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Groman v. Twp. of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (internal citations omitted). Namely, they allege that Defendant Tattoli was acting under color of law in his official capacity as a construction official for the Township of Weehaken. Am. Compl. ¶ 5. Accordingly, keeping in mind that the Court so far reserves its decision on whether Defendant Tattoli is entitled to qualified governmental immunity, Plaintiffs have properly alleged that Defendant Tattoli was acting under color of law.

Next, Plaintiffs also sufficiently allege that Defendant Tattoli's conduct deprived them of their constitutional rights, privileges, and/or immunities. Plaintiffs claim that Defendant Tattoli, a Township construction official, testified before a state court judge that on April 4, 2012 Plaintiff Konstantinos Natsis "scaled the Palisades Cliff and threw a bluestone from [Mrs. Hodkinson's] property down the slope thereby causing an avalanche-like condition." Am. Compl. ¶ 119. Plaintiffs further allege that Defendant Tattoli was not present on April 4, 2012 but nonetheless testified and that his testimony helped the Township Police secure a warrant for Plaintiffs' arrest. Id. ¶ 120. The Township Police placed Plaintiff "under custodial arrest at 9:30 pm at his residence" and charged him with "recklessly creat[ing] a risk of widespread injury or damage, specifically by removing the bluestone from the foundation of a residence on top of the hillside" although the

charge was ultimately dismissed. Id. ¶ 122. Ultimately, "[t]he criminal complaint against Plaintiff Konstantinos Natsis was dismissed in his favor."

### i.  False Arrest (Count V)

"A false imprisonment claim under 42 U.S.C. § 1983 is based on the Fourteenth Amendment protection against deprivations of liberty without due process of law." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). The Fourth Amendment "'prohibits a police officer from arresting a citizen except upon probable cause." Reedy v. Evanson, 615 F.3d 197, 211 (3d Cir. 2010) (internal citation omitted). Plaintiffs allege that there was no probable cause for Plaintiff Konstantinos Natsis's arrest because Defendant Tattoli willfully "creat[ed] wildly false and heinous allegations against" him in order to support the bench warrant. Am. Compl. ¶ 167. Accordingly, Plaintiffs have stated a claim of false arrest (Count V) against Defendant Tattoli.

### ii.  Malicious Prosecution (Count VI)

A claim of malicious prosecution under § 1983, requires that a plaintiff state: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for purposes other than bringing plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Agarwal v. City of Jersey City, 388 Fed. App'x 199, 202 (3d Cir. 2010). To the extent that Plaintiffs allege that Defendant Tattoli's malicious purpose was to block their permit applications and obstruct Plaintiffs from carrying out construction on the Property (Am. Compl. ¶¶ 103, 106), Plaintiffs have stated a claim for malicious prosecution under § 1983 against Defendant Tattoli.

### iii. Abuse Of Process (Count VII)

Plaintiffs' claim for abuse of process under § 1983 must be dismissed. "[A]buse of process 'is concerned with perversion of process after litigation has begun.'" Gebhart v. Steffen, 574 Fed. App'x 156, 160 (3d Cir. 2014) (quoting U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 394 (3d Cir. 2002). Plaintiffs have not alleged any facts about an abuse of process occurring after Plaintiff Konstantinos Natsis was arrested. Rather, they allege that the arrest, itself, lacked probable cause and that the warrant secured for the arrest was falsely procured. Accordingly, Plaintiffs' Count VII for abuse of process is dismissed without prejudice.

## V. **CONCLUSION**

For the reasons set forth above, the Township Defendants' motion to dismiss Plaintiffs' Amended Complaint is granted in part and denied in part. The Court dismisses, without prejudice: Counts I (retaliation for lack of political affiliation, under the NJCRA), II (retaliation for lack of political affiliation, under 42 U.S.C. § 1983), III (retaliation for exercising free speech rights, under the NJCRA), IV (retaliation for exercising free speech rights, under 42 U.S.C. § 1983), VII (abuse of process, under 42 U.S.C. § 1983), and Count X (civil conspiracy, under 42 U.S.C. § 1985). To the extent the deficiencies in Plaintiffs' Amended Complaint can be cured by way of amendment, Plaintiffs are granted thirty (30) days to file an Amended Complaint solely for purposes of amending the dismissed claims.

An appropriate Order accompanies this Opinion.

Dated: Feby 29, 2016

**CLAIRE C. CECCHI, U.S.D.J.**